

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600  (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401  FAX: (541) 431-4047
Howard J. Newman, Law Clerk

January 16, 2008

Mr. Donald Charles Ebel  
1501 S. E. 115th Court  
Vancouver, WA 98664  

Mr. Michael A. Grassmueck  
PO Box 5248  
Portland, OR 97208  

Mr. David B. Mills  
Hammons & Mills  
115 West 8th Avenue, #280  
Eugene, OR 97401  

Mr. Ronald Becker  
Office of the U. S. Trustee  
405 East 8th Avenue, Ste 1100  
Eugene, OR 97401  

RE: EBEL, Donald Charles; Case No. 05-66251-aer7
      Motion to Set Aside Minute Order Entered December 19, 2007

Gentlemen:

    The court has received correspondence filed by Mr. Ebel on December 19, 2007, seeking to set aside the above referenced minute order which approved the Trustee's Amended Final Report dated December 12, 2007 and filed December 13, 2007. I will construe Mr. Ebel's correspondence as a motion.

    As noted above, an order has been entered approving the Amended Final Report. As such, Mr. Ebel would need to posit sufficient grounds under FED.R.BANKR.PROC. 9023 or 9024 (incorporating FRCPs 59 and 60 respectively), to reconsider or vacate that order. He has not done so, notably admitting in his letter/motion that he had "no excuses" for his failure to attend the December 19, 2007 hearing. I also note Mr. Ebel's current position that Mr. Mills be denied fees is directly contrary to his objection (filed on November 15, 2007) to an earlier Trustee's Amended Final Report dated November 9, 2007 and filed on November 15, 2007. In that objection, Mr. Ebel, in essence objects to allowance of the priority claim filed on behalf of his ex-wife and instead suggests that any distribution to that creditor "be re-directed and applied to the Application for Compensation as filed by attorney David B. Mills in payment of his services in this case ($1,141.83) . . . ." Finally, and in any event, Mr. Ebel has no standing to object to Mr. Mills' fees, as he has demonstrated no pecuniary interest in their disallowance. Disallowance of Mr. Mills' fees would not result in a surplus asset estate, nor would it provide additional payment to creditors with claims excepted from discharge (thereby reducing Mr. Ebel's post discharge personal liability). Instead, disallowance would merely mean that two

Messrs. Ebel, Mills, Grassmueck & Becker
January 16, 2008
Page-2

general unsecured creditors, whose claims have been discharged (and who have not objected to the Amended Final Report), would receive an increased dividend.

    For the above reasons, Mr. Ebel's motion will be denied. An appropriate order will be entered. If not already submitted, a proposed distribution order should be lodged forthwith.

    The above constitute my findings of fact and conclusions of law under FED.R.BANKR.PROC. 7052. They shall not be separately stated.

                                          Very truly yours,

                                          ALBERT E. RADCLIFFE
                                          Bankruptcy Judge

AER:vhd